UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

| | |
|---|---|
| Tracie Stanley-Aldrich,<br><br>                    Plaintiff<br><br>v.<br><br>Home Depot USA, Inc., et al.,<br><br>                    Defendants | Case No. 2:24-cv-02372-CDS-NJK<br><br>**Order Denying the Defendant's Motion for Summary Judgment and Denying as Moot the Plaintiff's Motion to Withdraw**<br><br>[ECF Nos. 15, 16] |

Plaintiff Tracie Stanley-Aldrich brought this tort action against defendant Home Depot USA, Inc., in the Eighth Judicial District Court. *See* Compl., ECF No. 1-1. On August 18, 2024, Home Depot removed this action. *See* Pet. for removal, ECF No. 1. On August 8, 2025, Home Depot moved for summary judgment, arguing that pursuant to Federal Rule of Civil Procedure (FRCP) 36, Stanley-Aldrich failed to timely respond to their requests for admissions so now she cannot establish a key element for her negligence claim. *See* Mot. for summ. j., ECF No. 15 at 4. Stanley-Aldrich opposes. Resp., ECF No. 16.[1] This motion is fully briefed. Reply, ECF No. 19. For the reasons stated herein, I deny Home Depot's motion for summary judgment.

I.      Background[2]

Stanley-Aldrich alleges that on November 28, 2022, she was an invitee at the defendant's (Home Depot) property, 4750 S. Decatur Blvd., Las Vegas, NV. Compl., ECF No. 1-1 at ¶¶ 7–8. Stanley-Aldrich was walking through the parking lot when she tripped and fell over a parking block that was allegedly out of place. *Id.* at ¶ 8. Stanley-Aldrich alleges that the out of place parking block represented a dangerous condition, and as a result of her trip and fall, she

---

[1] Stanley-Aldrich improperly filed a motion with its response. The plaintiff is cautioned that such filing is in violation of Local Rule IC 2-2(b) that requires for each type of relief sought to be filed as a separate motion. However, because relief to withdraw admissions is intertwined with the plaintiff's argument, I briefly address the motion below.

[2] Unless otherwise noted, the court only cites to Stanley-Aldrich's original complaint (ECF No. 1-1) to provide context to this action, not to indicate a finding of fact.

sustained serious injuries. *Id.* at ¶¶ 8–10. The plaintiff brings this negligence, vicarious liability via respondeat superior, and negligent hiring, training, retention and supervision action. *See generally id.*

## II.  Legal standard

### A.  Summary judgment

Summary judgment is appropriate when the evidence, viewed in the light most favorable to the nonmovant, indicates "no genuine dispute as to any material fact" and that "the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A fact is material if it "might affect the outcome of the suit" based on the governing law, and a dispute is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A "mere disagreement or the bald assertion that a genuine issue of material fact exists" is not enough to defeat summary judgment. *Harper v. Wallingford*, 877 F.2d 728, 731 (9th Cir. 1989).

Because the plaintiffs bear the burden of proof at trial, a moving defendant need only point to an absence of evidence on an element of the plaintiffs' case. *Musick v. Burke*, 913 F.2d 1390, 1394 (9th Cir. 1990). Once the moving party satisfies Rule 56 by demonstrating the absence of any genuine issue of material fact, the burden shifts to the party resisting summary judgment to "set forth specific facts showing that there is a genuine issue for trial." *Anderson*, 477 U.S. at 250–51. "To defeat summary judgment, the nonmoving party must produce evidence of a genuine dispute of material fact that could satisfy its burden at trial." *Sonner v. Schwabe N. Am., Inc.*, 911 F.3d 989, 992 (9th Cir. 2018); *Galen v. County of Los Angeles*, 477 F.3d 652, 658 (9th Cir. 2007). The nonmoving party "may not rely on denials in the pleadings but must produce specific evidence, through affidavits or admissible discovery material, to show that the dispute exists." *Bhan v. NME Hosps., Inc.*, 929 F.2d 1404, 1409 (9th Cir. 1991).

2

**B. Request for admission**

A failure to timely respond results in the automatic admission of the matter. Fed. R. Civ. P. 36(a)(3); *Conlon v. United States*, 474 F.3d 616, 619 (9th Cir. 2007) (holding that a failure to respond to requests for admissions within the time period provided will result in the matters set forth in the request for admissions to be admitted for purposes of summary judgment). As such, "[e]very civil practitioner knows that a set of requests for admissions is a grenade with its pin pulled: the failure to serve timely denials can blow up a case." *Weil v. Walmart Inc.*, 644 F. Supp. 3d 772, 781 (D. Nev. 2022).

**III.    Discussion**

Home Depot brings this motion for summary judgment based on deemed admissions of fact under FRCP 36. *See* ECF No. 15. In particular, Home Depot asserts that it served Stanley-Aldrich electronically via email with FRCP 36 requests for admission on March 11, 2015. The requests for admission included the following:

> REQUEST FOR ADMISSION 29: Admit that Home Depot did not have actual notice of the condition which you allege caused your accident.
>
> REQUEST FOR ADMISSION NO. 30: Admit that Home Depot did not have constructive notice of the condition which you allege caused your accident.

Requests for admission, Def.'s Ex. A, ECF No. 15-1.

At the heart of the Stanley-Aldrich's opposition is that the "parties never discussed stipulating to electronic service of discovery and no attorney representing Plaintiff ever expressly consented in writing to e-mail service of written discovery." ECF No. 16 at 4. The plaintiff admits that on March 11, 2025, the defendant's counsel sent an email containing the defendant's first set of interrogatories to the plaintiff. *Id.* at 3; Email, Pl.'s Ex. 1, ECF No. 16 at 18. The plaintiff also admits that it received the email but their "office did not respond and evidently failed to calendar a deadline to respond or save the emailed discovery request into the case file." ECF No. 16 at 3. The plaintiff argues that the defendants never mailed them a copy of the

3

discovery request nor did the defendant's counsel follow up regarding the outstanding discovery. *Id.* at 4.

In reply, Home Depot essentially asks this court to narrowly construe FRCP 5(b) to mean electronic service is not effective "if the filer or sender learns that it did not reach the person to be served." ECF No. 19 at 7. Home Depot also argues that because Stanley-Aldrich electronically served discovery via email on March 19, 2025, she also engaged in the same means of service of written discovery as Home Depot. *Id.* at 7. Further, Home Depot asserts that because Stanley-Aldrich's counsel relies on electronic service of written discovery on Home Depot, her complaint about deficient service is specious and should not be given any weight. *Id.*

As a threshold matter, I first address whether the requests for admission were properly served. Pursuant to Rule 36(a) of the Federal Rules of Civil Procedure, a party may serve on another party a written request to admit the truth of any matter within the scope of Rule 26(b)(1). *See* Fed. R. Civ. P. 36. Service of such discovery requests are governed by FRCP 5, which does not authorize service by electronic means unless "the person consented in writing." Fed. R. Civ. P. 5(a)(1)(C), (b)(2)(E). The Advisory Committee notes make clear that such consent from the person served "**must be express, and cannot be implied from conduct.**" *Bunn v. Dash*, 2021 U.S. Dist. LEXIS 206355, at *11 (C.D. Cal. July 23, 2021) (emphasis added) (citing Fed. R. Civ. P. 5 advisory committee's notes to 2001 amendment).

I note that the parties attempt to use electronic service as a sword and a shield. While both parties have not formally or directly agreed that service of discovery matters may be served by email, the plaintiff's conduct indicates to this court that it has also served the defendant via email with request for discovery. *See* March 19, 2025 email, Def.'s Ex. A, ECF No. 19-1 at 2.

In relevant part, FRCP 5(b) provides that when serving a party:

> **(E)** sending it to a registered user by filing it with the court's electronic-filing system or sending it **by other electronic means that the person consented to in writing**—in either of which events service is complete upon filing or sending, but is not effective if the filer or sender learns that it did not reach the person to be served

Fed. R. Civ. P. 5(b)(E) (emphasis added). Here, neither party has represented to the court that there was written consent to receive discovery requests through electronic means. Rather, both parties are at fault for the posture of the requests for admission. Home Depot relies on the very last portion of FRCP 5(b)(E), stating that electronic means of service "is not effective if the filer or sender learns that it did not reach the person to be served." ECF No. 19 at 7. In doing so, it completely ignores the part of FRCP 5(b)(E) requiring consent. While Home Depot argues that Stanley-Aldrich has also engaged in similar means for effectuating service of discovery requests, the court cannot imply consent from conduct. *See Bunn* 2021 U.S. Dist. LEXIS 206355, at *11.

The court cautions both parties. The current posture of the requests for admission in this case demonstrates how gamesmanship is ineffective and that litigation works more effectively when parties communicate. I find that there was no explicit agreement to electronic service for discovery, so, the requests were not "deemed admitted" by operation of law under FRCP 36(a) because they were not properly served. Thus, there is no need to grant plaintiff's motion to withdraw their admission, so it is denied as moot. As noted above, Home Depot served Stanley-Aldrich with requests for admission on March 11, 2025, but FRCP 36(b)(2)(E) authorizes service by "electronic means if the person consented in writing." Moreover, because Home Depot only served the requests via email,[3] Stanley-Aldrich was under no obligation to respond—even if she did receive and see the requests when they were emailed (ECF No. 16 at 3). *See Family Dollar Stores, Inc. v. United Fabrics Int'l, Inc.*, 896 F. Supp. 2d 223 (S.D.N.Y. 2012) (party's service of requests for admissions via e-mail was void, and, thus, opposing parties were not required to respond to the requests, and their failure to do so, did not amount to admissions, where opposing parties did not consent in writing to accept service by electronic means). As such, Stanley-Aldrich's motion is effectively moot because there are no "deemed admissions" to withdraw or from which to relieve her.

---

[3] Home Depot has not made any representations to this court that it thereafter served Stanley-Aldrich through any other means regarding the requests for admission.

Because the basis for moving for summary judgment relied solely on the "automatic admission" from the requests for the admission, and because I find that there were no admissions, I deny Home Depot's motion.

IV.    Conclusion

IT IS HEREBY ORDERED that the defendant's motion for summary judgment **[ECF No. 15] is DENIED.**

IT IS FURTHER ORDERED that the plaintiff's motion to withdraw **[ECF No. 16] is DENIED as moot.**

Dated: March 11, 2026

_____
Cristina D. Silva
United States District Judge